# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

AUG 4 2025

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

*Fee Due*

*EDCV25-2053-JGB (SP)*

---

Kelvin Keston Bartholomew
A# 037-591-510

Petitioner, (Pro Se)

Civil Action No._____

V.

Ernesto Santa Cruz,
U.S. ICE FIELD OFFICE DIRECTOR FOR THE
LOS ANGELES FIELD OFFICE

Fereti Semaia,
WARDEN OF ADELANTO ICE PROCESSING
DETENTION FACILITY

Respondents,

---

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Petitioner, Kelvin Keston Bartholomew, hereby petitions this court for a writ of habeas

corpus to remedy petitioners unlawful detention by respondents. In support of this petition and

complaint for injunctive relief, Petitioner alleges the following.

## **CUSTODY**

1. Petitioner Kelvin Keston Bartholomew is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Since Petitioner entered the United States, Petitioner has been accorded the following Immigration status: Legal Permanent Resident. Petitioner is currently detained by the Department of Homeland Security ("DHS") at the ADELANTO ICE PROCESSING CENTER in ADELANTO CALIFORNIA.: ICE has contracted with ADELANTO ICE (Run By GEO Group). Petitioner is under the direct control of Respondents and their agent. Petitioner has been in Immigration detention since October 7th 2024, for a period of approximately 9 months.

2. On April 12, 2012 an Immigration Judge ordered Petitioner removed to Trinidad & Tobago and the removal order became final on August 10, 2012 being that Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on August 10, 2012 the BIA dismissed the appeal. Therefore, the six- month presumptively reasonable removal period for petitioner ended April 7th, 2025 six months after Petitioners most recent ICE detention which occurred on October 7th, 2024.

3. I am currently being detained by DHS pursuant to 8 U.S.C. § 1231(a)(6) because: (1) I have a final order of removal, and (2) because the ninety-day removal period has now elapsed.

4.  Despite holding me in immigration detention for more than six months after receiving a final order of removal, DHS has not been able to effectuate my removal. Given DHS's delay thus far, there is no significant likelihood that I will be removed from the country in a reasonably foreseeable time *See generally Zadvydas v. Davis*, 533 U.S. 678 2001).

5.  Accordingly, I respectfully request that the Court use Its authority under 28 U.S.C. § 2243 to order the Respondent to file an answer and return within three days, unless they can show good cause for additional time See 28 U.S.C. § 2243 (Stating that an order to show cause why a petition for a writ of habeas corpus should be denied "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

6.  In order to permit full judicial review of the claims herein and requested relief, I also respectfully request that the Court order the Respondent not to transfer me outside the jurisdiction of this Court pending consideration of this Petition.

### **PARTIES**

7.  Petitioner, Kelvin Keston Bartholomew A# 037-591-510, is detained at the Adelanto ICE Detention Facility

8.  Respondent Ernesto Santa Cruz is the ICE Field office Director of the Los Angeles Field Office of ICE and is Petitioner's immediate custodian. See Vásquez v.Reno. 233 F.3d 688,690 (1st Cir.2000) cert. Denied. 122 S. Ct. 43 (2001).

9.  Respondent Fereti Semaia Warden of ADELANTO ICE PROCESSING CENTER. Where Petitioner is currently detained under the authority of ICE, alternatively may be considered to be Petitioner's immediate custodian.

## JURISDICTION AND VENUE

10.   This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et. Seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), pub. L. No. 104-208, 110 Stat. 1570, and Administrative Procedure Act ("APA"), 5 U.S.C § 701 et seq.

11.   This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States, and such custody is in violation of the Constitution, laws or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

12.   Venue is proper in the U.S. District Court for the Central District of California because Petitioner is currently being detained at the Adelanto ICE Detention Facility in Adelanto, California.

## EXHAUSTION OF REMEDIES

13.   There is no statutory exhaustion requirement for a petition challenging immigration detention. *See Araujo-cortes v. shanahan*, 35 F. Supp. 3D 533,538 (S.D.N.Y. 2014).

14.   I am not required to exhaust administrative avenues to challenge my detention because the statutory authority subjects me to mandatory detention and, as such, does not provide me with any meaningful administrative options with which to challenge my detention *see* 8 U.S.C.§ 1226*(c); see also Cave v. east Meadow Union Free Sch. Dist*., 514 F.3d 240,249 (2d Cir. 2008) ("The exhaustion requirement is excused when exhaustion would be futile because the administrative procedure do not provide an adequate remedy.") (citing *Honig v. Doe,* 484 U.S. 305, 327 (1998).

## LEGAL ARGUMENT

15.   The Supreme Court has stated that "Freedom from...government custody [and] detention lies at the heart of the liberty that [The Due Process] Clause protects." *Zadvdas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992). The Supreme Court further noted in Zadvydas that "a statutue permitting indefinite detention of a non-citizen would raise a serious constitutional problem." *Id.* At 690.

16.   The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas,* 533 U.S. at 693 121 S. Ct. 2491, 150 Led.2d 653 (2001). *see also Plyer v. Doe,*457 U.S. 202, 210 *(1982)* ("Non-citizens, even those whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

17.   Congress authorized the DHS to detain non-citizens during a statutorily defined "removal period," during which the Department may effectuate the non-citizens removal from the United States. 8 U.S.C. § 1231(a)(1). The removal period typically lasts for ninety days and starts at the latest of: (1) the date an order of removal becomes administratively final; (2) if a removal order is judicially reviewed and a stay of removal has been ordered, the date of the courts final order; or (3) the date the non-citizen is released from any detention other than for immigration purposes. 8 U.S.C. § 1231 (a)(1)(B).

18.   Under 8 U.S.C. § 1231 (a)(2), non-citizens subject to final orders of removal "shall" be detained during the first ninety days-the "removal period"-and they "shall" be removed during that period under § 1231 (a)(1). Under 8 U.S.C. § 1231 (a)(6), however, the government "may"

continue detention beyond the 90-day removal period if the noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6).

19.  The Supreme Court long Ago held that the Fifth Amendment entitles non-citizens to due process in removal proceedings. Reno v. Flores, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).

20.  This Court may consider whether the detainee has prolonged his own detention.

The Second Circuit has found that this factor weighs against finding detention unreasonable when a noncitizen has "substantially prolonged his stay by abusing the processes provided to him" but not when "an immigrant . . . [has] simply made use of the statutorily permitted appeals process." Hechavarria v. Sessions, 891 F.3d 49, 56 n.6 (2d Cir. 2018) (first quoting Nken v. Holder, 556 U.S. 418, 436, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). As the Sixth Circuit has noted, "appeals and petitions for relief are to be expected as a natural part of the process. A[] [noncitizen] who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him." Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003) (cited in Hechavarria, 891 F.3d at 56 n.6). Indeed, although a[] [noncitizen] may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take. The mere fact that a[] [noncitizen] has sought relief from deportation does not authorize the [government] to drag its heels indefinitely in making a decision. The entire process, not merely the original deportation hearing, is subject to the constitutional requirement of reasonability. Id.

21.  In Zadvydas the Court heard a non-citizens challenge to prolonged detention under 8 U.S.C. § 1231(a)(6). Id at 682, 684-85,121 S.Ct. 2491 Recognizing that the proceedings at

issue were "Civil, not Criminal", and therefore "nonpunitive in purpose and effect", it pointed out that the government offered "no sufficiently strong special justification for indefinite Civil detention." Id. At 690, 121 S.Ct. 2491.

22. The Supreme Court in *Zadvydas,* in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time, construed 8 U.S.C. § 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 690. After a non-citizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut the non-citizens showing. *Id.* At 701

23. If a court finds removal is reasonably foreseeable, the court may still order release, and may consider the risk posed by the individual to community safety in determining whether to do so. *Id.* At 700. While dangerousness may justify immigrant detention in certain cases, the Court "upholds preventive detention based on dangerousness only when limited to specially dangerous individuals "demanding that the dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to create the danger" and subject to strong procedural protections." *Id.* At 691, 121 S.Ct. 2491

24. This Court hearing a due process challenges to prolonged section 1231(a)(6) Detention should apply the "Mathews Framework" to determine whether and when due process requires that a particular detained non-citizen receive a bond hearing (1) Petitioners "Private Interests" (2) The "Risk of an Erroneous Deprivation of Their Interests and the Probable Value of additional Procedural Safeguards";and (3) The Governments Interest

25. My removal period began on October 7th 2024.

26. My removal period expired on January 07th 2025, ninety days after its initiation. I was detained beyond the ninety days pursuant to 8 U.S.C. § 1231 (a)(6).

27. The DHS's persistent inability to effectuate my removal provides threshold evidence that there is not a significant likelihood of removal in the foreseeable future. *See Senor v. Barr,* 401 F. Supp. 3D 420, 430 (W.D.N.Y. 2019) (quoting Singh v. Whitaker, 362 F. Supp. 3D 93, 102-03 (W.D.N.Y. 2019); See also D'Alessandro v. Mukasey, 628 F. Supp. 2D 368, 404 (W.D.N.Y. 2009) ("The burden upon the detained person is not to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite rather,… the detained person need only provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future."

28. Accordingly, unless the respondent can supply sufficient evidence to the contrary, they should now release me from their custody because my  "continued detention has become unreasonable and is no longer authorized by statue." *Zadvydas, 533 U.S.* at 699-700.

29. Even if the court determines that removal is resonably foreseeable, this court should order my release because I am not a danger to the community. Id. At 700.

## **CLAIM FOR RELIEF**

### **COUNT ONE:**

### **PETITIONER'S PROLONGED DETENTION VIOLATES THE UNITED STATES CONSTITUTION**

30. I reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

31.  Non citizens who have been detained by DHS pursuant to its statutory authority under 8 U.S.C. § 1231 (a) for over six months must be released from custody if there is no significant likelihood that they will be removed in the reasonably foreseeable future.

32.  Continuing to detain me under 8 U.S.C. § 1231 (a)(6) while there is no significant likelihood of my removal in the reasonably foreseeable future deprives me of my "strong interest in liberty," and therefore violates the Fifth Amendment of the United States Constitution. U.S. v. Salarno 481 U.S. 739, 750 (1987). It further poses actual and substantial hardships and irreparable injuries to me.

33.  I have no adequate remedy at law other than the instant petition for a writ of habeas corpus

## **PRAYER FOR RELIEF**

WHERFORE, I pray that this Court grants the following relief

1. Assume Jurisdiction of this matter;

2. Use its authority under 28 U.S.C. § 2243 to

    I.  Order the Respondent to file an answer and Return within 3 days of the filing of the petition, unless they can show good cause for additional time;

    II.  Order Petitioner's Reply be filed 15 days after the Court sets the deadline for Respondent's Answer and Return;

    III.  Order the Respondent not transfer Petitioner outside the Central District of California during the pendency of this Petitioner;

3. Issue a writ of habeas corpus ordering the Respondent to immediately release Petitioner with reasonable terms of supervised release; and

4. Grant any further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.

Respectfully Submitted,

*Kelvin Bartholmew*

_____

Adelanto ICE Processing Center
10250 Rancho Road
Adelanto, CA 92301
A# 037-591-510

## EXHIBITS

EXHIBIT A: PETITIONER'S SUA SPONTE MOTION TO RECONSIDER AND TERMINATE

EXHIBIT B: NTA

EXHIBIT C: RECOMMENDATION LETTER

# Exhibit
# A

Kelvin Keston Bartholomew                                    **DETAINED**
A# 037-591-510
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VIRGINA

In the Matter of:                          )
                                           )
                                           )
**Kelvin Keston BARTHOLOMEW**              )          File No. A037-591-510
                                           )
*In Removal Proceedings*                   )
                                           )

# RESPONDENT'S SUA SPONTE MOTION TO RECONSIDER AND TERMINATE

# TABLE OF CONTENTS

INTRODUCTION ................................................................. 1

FACTUAL AND PROCEDURAL HISTORY ................................................. 1

STANDARD OF REVIEW ........................................................... 3

LEGAL ARGUMENT ............................................................... 4

      I. Respondent's conviction under NYPL § 220.03 is not a controlled
substance offense as New York's definition of cocaine is facially
broader than the federal definition ........................................... 4

      II. The IJ committed a procedural error at Respondent's removal
hearing requiring remand and termination ...................................... 5

CONCLUSION ................................................................... 6

EXHIBITS ..................................................................... 8

    A. Certificate of Disposition

    B. Notice To Appear (May 29, 2009)

## INTRODUCTION

The respondent, Kelvin Keston Bartholomew ("Respondent"), proceeding pro-se respectfully requests this Honorable Board to reconsider its prior decision dated August 10, 2012. Because Respondent is not removable as charged under § 237(a)(2)(B)(i) of the INA / 8 U.S.C. § 1227(a)(2)(B)(i), the Immigration Judge committed a procedural error as evident on a change in law sufficiently fundamental so as to qualify as an exceptional circumstance to merit the Board's reconsideration sua sponte and terminate the removal proceedings against Respondent.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Kelvin Keston Bartholomew, a native and citizen of Trinidad and Tobago, was born on January 14, 1980. On Febuary 27, 1982, Respondent was admitted to the United States at New York, New York as a lawful permanent resident.

On February 24, 2003, Respondent was encountered by DHS officers at the Broome County Jail and was served with a Notice to Appear for Removal Proceedings under Section 240 of the Immigration and Nationality Act ("INA"). The Notice to Appear ("NTA") charged Respondent with being subject to removal from the United States, pursuant to INA § 237(a)(2)(B)(i) / 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who at any time after admission has been convicted of a controlled substance offense; and pursuant to INA § 237(a)(2)(A)(iii) / 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(B) / 8 U.S.C. § 1101(a)(43)(B), an offense relating to the illicit trafficking in a controlled substance. On November 14, 2003, an Immigration Judge ("IJ") granted Respondent's request for Cancellation of Removal pursuant to INA § 240A(a), terminating the immigration

proceedings against him.

On February 14, 2006, Respondent was convicted in the Binghamton City Court for the offense of Criminal Possession of a Controlled Substance [cocaine] in the 7th Degree, in violation of New York State Penal Law ("NYPL") § 220.03. See Certificate of Disposition, Exhibit A. In the Notice to Appear dated May 29, 2009, the Department of Homeland Security ("DHS") charged Respondent as removable under INA § 237(a)(2)(B)(i) for a conviction of NYPL § 220.03 Possession of a Controlled Substance- 7th Degree. See Notice to Appear, Exhibit B.

On April 12, 2012, IJ John B. Reid ordered Respondent removed from the United States to Trinidad and Tobago. Respondent appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on August 10, 2012, the BIA dismissed the appeal.

On October 7, 2024, Respondent was encountered by DHS officers at the Broome County Jail and executed a warrant for his arrest based on a final order of removal dated April 12, 2012. Respondent was taken into custody and transferred to the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York.

**STANDARD OF REVIEW**

## LEGAL ARGUMENT

The BIA legally erred in affirming Respondent's removal order under section 237(a)(2)(b)
(i). Respondent contends, in light of United States v. Minter, 80 F.4th 406 (2d Cir. 2023), that he
has never been convicted of a controlled substance offense. DHS has not met its burden to
demonstrate by clear and convincing evidence that Respondent is removable; therefore, the Board
should entertain this sua sponte motion, reverse the decision of the IJ, and terminate the
proceedings against Respondent.

### I. Respondent's conviction under NYPL § 220.03 is not a controlled substance offense as New York's definition of cocaine is facially broader than the federal definition.

We apply the categorical approach to determine whether a state law matches conduct
involving a controlled substance as defined under federal law. See Mathis v. United States, 579
U.S. 500, 504 (2016); see also Taylor v. United States, 495 US 575, 602 (1990). "When [a] state
law is facially overbroad" - even by a minimal amount - "we look no further." Hylton v. Sessions,
897 F.3d 57, 65 (2d Cir. 2018) (internal quotation marks omitted).

The Second Circuit precedential opinion in United States v. Minter, 80 F.4th 406 (2d Cir.
2023) concluded that New York law criminalizes all cocaine isomers while federal law exempts
"optical and geometric" isomers. Minter, 80 F.4th at 410. The Court clearly held that New York's
definition of cocaine is categorically broader than the federal definition. Minter, 80 F.4th at 411.
As such, cocaine as applied to NYPL § 220.03 is not a "controlled substance" offense under the

Federal Controlled Substances Act ("CSA") 21 C.F.R. § 1308.12(b)(4) using the strict categorical
approach.

### II. The IJ committed a procedural error at Respondent's removal hearing requiring remand and termination.

At a removal hearing on April 12, 2012, IJ Reid committed a fundamental procedural
error when he determined Respondent's conviction under NYPL § 220.03 to be a controlled
substance offense in violation of § 237(a)(2)(B)(i) of the INA. In light of Minter, Respondent's
state drug conviction for criminal possession of cocaine was never a controlled substance offense,
as defined by federal law, nor a removable offense.

Since the Court's holding in Minter, the Government's position has changed to one of
concession in a litany of cases. See United States v. Rodriguez, 2024 US Dist LEXIS 40305
(S.D.N.Y. March 7, 2024) ("The Government conceeds, apparently in light of Minter, that
Defendant's drug conviction was not a removable offense..."); See also United States v.
Fernandez, 2024 US Dist LEXIS 129731 (S.D.N.Y July 23, 2024) (a criminal defendent who had
a prior conviction of Criminal Sale of a Controlled Substance in the Third Degree in violation of
New York Penal Law § 220.39(1). "...the Government forthrightly concedes that such a
conviction would no longer be counted as a qualifying controlled substance offense..."), United
States v. Chaires, 88 F.4th 172 (2d Cir. 2023) ("As even the government conceeds here...")
(relating to cases which deemed a United States Sentencing Guideline sentincing enhancement for
prior controlled substance offenses); See also United States v. Holmes, 2022 US Dist LEXIS

64081 (E.D.N.Y. April 6, 2022), United States v. Gutiereez-Campos, 2022 US Dist LEXIS
18908 (S.D.N.Y. January 31, 2022) (relating to 8 U.S.C. § 1326 illegal reentry prosecutions in
which Defendants sucessfully collaterally attacked their prior removal order as procedurally
flawed for a finding relating to a drug aggravated felony or controlled substance offense).

The facts of Respondent's present motion make clear that DHS did not prove by clear and
convincing evidence the charged violation of immigration law. The BIA should have originally
remanded for termination on appeal; with a clear change in law the BIA should now reconsider
Respondent's arguments and reopen/remand for termination.

## CONCLUSION

Respondent is not removable as charged under § 237(a)(2)(B)(i) of the INA, 8 U.S.C. §
1227(a)(2)(B)(i). Respondent's conviction under NYPL § 220.03 is not a controlled substance
offense as New York's definition of cocaine is facially broader than the federal definition. In light
of the significance of Minter's holding, the IJ comitted a procedural error as evident on a change
in law sufficiently fundamental as to qualify as an exceptional circumstance to merit the Board's
reconsideration sua sponte. Because DHS failed to meet their burden to establish removability by
clear and convincing evidence, the Board should reconsider its prior decision, reverse the decision
of the IJ, and terminate the proceedings against Respondent.

Dated: January 9, 2025

Respestfully Submitted,

_____

Kelvin K. Bartholomew, Pro-Se
A037-591-510
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

## EXHIBITS

EXHIBIT A: Binghamton City Court Certificate of Disposition

EXHIBIT B: Notice to Appear, May 29, 2009

# Exhibit B

U.S. Department of Homeland Security

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID : 280097835

DOB: 01/14/1980

File No: A037 591 510

Event No: BUF0905000101

In the Matter of:

Kelvin Keston BARTHOLOMEW

Respondent: _____ currently residing at:

none provided

_____

(Number, street, city and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of TRINIDAD AND TOBAGO and a citizen of TRINIDAD AND TOBAGO;
3. You were admitted to the United States at New York, NY on or about   February 27, 1982 as a Lawful Permanent Resident;
4. You were, on February 14,2006 , convicted in the Binghamton City Court [at] Binghamton, NY  for the offense of Criminal Possession Controlled Substance-7th Degree , to wit: cocaine, in violation of Section 220.03 of the New York Sate Penal Law. Indictment Number 2005-88157

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

See Continuation Page Made a Part Hereof

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐   Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

4250 Federal Drive Room F108 Batavia NEW YORK 14020

_____

(Complete Address of Immigration Court, including Room Number, if any)

on  a date to be set   at  a time to be set   to show why you should not be removed from the United States based on the

     (Date)              (Time)

charge(s) set forth above.

Date: 5-29-09

Batavia, NY

(Signature and Title of Issuing Officer)

(City and State)

**See reverse for important information**

Form I-862 (Rev. 08/01/07)

U.S. Department of Homeland Security

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID : 280097835

DOB: 01/14/1980

File No: A037 591 510

Event No: BUF0905000101

In the Matter of:    Kelvin Keston BARTHOLOMEW

Respondent: _____  currently residing at:

none provided

_____

(Number, street, city and ZIP code)          (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of TRINIDAD AND TOBAGO and a citizen of TRINIDAD AND TOBAGO;
3. You were admitted to the United States at New York, NY on or about  February 27, 1982
as a Lawful Permanent Resident;
4. You were, on February 14,2006 , convicted in the Binghamton City Court [at]
Binghamton, NY  for the offense of Criminal Possession Controlled Substance-7th Degree ,
to wit: cocaine, in violation of Section 220.03 of the New York Sate Penal Law.
Indictment Number 2005-88157

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
       See Continuation Page Made a Part Hereof

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐8CFR 208.30(f)(2) ☐8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
4250 Federal Drive Room F108 Batavia NEW YORK 14020

_____

(Complete Address of Immigration Court, including Room Number, if any)

on  a date to be set   at  a time to be set  to show why you should not be removed from the United States based on the
       (Date)              (Time)

charge(s) set forth above.

Date:  5-29-09          Batavia, NY.

(Signature and Title of Issuing Officer)

(City and State)

See reverse for important information

Form I-862 (Rev. 08/01/07)

BARTHOLOMEW, KELVIN KESTON DOB: 01/14/1980 (45 yo M) Acc No.: 652001 DOS: 02/06/2025



## U.S. Immigration and Customs Enforcement

**BARTHOLOMEW, KELVIN KESTON**

A: 037591510  SubID: 396353873
Facility Code: BTV  Housing Area: B
45 Y old Male, DOB: 01/14/1980
Account Number: 652001
4250 FEDERAL DRIVE, BATAVIA, NY-14020
Appointment Facility:  Buffalo SPC

02/06/2025

Appointment Provider: Laura A Miner, PA

### Reason for Appointment
1. Assaulted

*LT- SiKorSKi + LT-MruczeK
Took Report and Pictures*

### History of Present Illness
Patient Identification:
   Patient Identification
     Patient properly identified by 2 sources including: *Verbally, Wrist Band*
     Chaperone Present? *No*
     What language do you speak? *English*
     Interpretation provided? *Patient speaks English fluently*
Pain Assessment:
   Pain
     Are you currently in pain? *No*
Narrative:
   Patient was brought to clinic after altracation with his room mate just PTA, he reports his room mate was acting out, " I walked into our cell to offer my assistance, I was holding a tablet , he swung at me cutting my left cheek, I pushed him back into the cell because he was making no sense, then I looked at my left arm it was bleeding from being cut , so I told the C.O., I've been cut and my bunkie is not acting right he needs help". Patient endorses having a Tetanus booster within the past 2 weeks.

### Current Medications
Taking
• Lidocaine 5 % Patch 1 patch remove after 12 hours, apply to lower back as needed Externally 1700 , stop date 02/12/2025, KOP: No, Drug Source: Pharmacy, Notes to Pharmacist: Not required for travel
• traZODone HCl 50 MG Tablet 1 tablet do not crush Orally at bedtime , stop date 03/17/2025, KOP: No, Drug Source: Pharmacy
• Ibuprofen 600 MG Tablet 1 tablet with food or milk as needed Orally Three times a day , stop date 04/16/2025, KOP: Yes, Drug Source: Pharmacy, Notes to Pharmacist: Not Required For Travel
• Acetaminophen 325 MG Tablet 2 tablets as needed Orally three times daily , stop date 04/16/2025, KOP: Yes, Drug Source: Pharmacy, Notes to Pharmacist: Not Required For Travel
• Diclofenac Sodium 1 % Gel apply 2 g to both knees/neck two times daily as needed Externally two times daily as needed , stop date 05/30/2025, KOP: Yes, Drug Source: Pharmacy, Notes to Pharmacist: Not required for travel
• Terbinafine HCl 1 % Cream 1 application to both sides of neck/shoulder two times daily as needed Externally two times daily as needed , stop date 05/30/2025, KOP: Yes, Drug Source: Pharmacy, Notes to Pharmacist: Not required for travel,

### Past Medical History
UNSPECIFIED SYNOVITIS AND TENOSYNOVITIS.

### Allergies
Fish-derived Products: hives - Allergy - Criticality Low

### Review of Systems
General/Constitutional:
   Nausea denies. Dizziness denies. Vomiting denies. Chills denies. Fatigue denies. Fever denies. Lightheadedness denies.
As per HPI.

### Vital Signs

|  | Temp | | |
| --- | --- | --- | --- |
| 97.7 | | 02/06/2025 04:50:33 PM EST | Laura Miner PA |
|  | HR | | |
| 110 | | 02/06/2025 04:50:32 PM EST | Laura Miner PA |
|  | BP | | |
| 132/52 mm Hg | | 02/06/2025 04:50:32 PM EST | Laura Miner PA |

# Exhibit C

Kelvin Bartholomew
A#: 037-591-510

To whom it may concern:

My name is KELVIN BARTHOLOMEW, I'm writing in regards to my disabled wife and 6 kids, 3 of which are my step kids that I love like my own. I came to the U.S. in 1982 as LPR (LAWFUL PERMANENT RESIDENT) with my grandmother at the age of 2 years old, I never had the privilege of having both parents in my life, much less the world that we live in today, kids need both their Parents in there life.
All my kids live with me and my wife, it is extremely hard on my wife with all her medical problems. I'm the main Source of income in my household paying the mortgage, Car Insurance, Water bill, Light bill etc...

My 17 year old son has been left without a father at a crucial time in his adolescent life. He is now rebelling without me being present to keep him in a straight line. He started skipping school and Abusing Alcohol and Marijuana. Failing classes and now suspended from school until October 31st 2025. It is extremely hard for my wife to control him while being disabled and on medications. And still have to care for our 3 year old and 8 year old. Knowing the world we live in with kidnappers and pedophiles etc.. My kids need their Dad, my kids are now seeing the aspect from the world I once shielded them from. My wife suffers from Epilepsy, last year while sitting in the car in the driveway my wife had a seizure. Luckily I was there to assist her and get her medical attention. I was very scared for my Wife's life and worried that her health is getting worst as she age's and im not there to help her, she also suffers from Anxiety, Bipolar Disorder, and PTSD. My wife has been in and out of the hospital all her adult life.

My 8 year old son suffers from ADHD and he has been rebelling as well, he told his mother he does not want to be at the house anymore because his dad is not at home, im very close with my kids, so my absence has fell on them very dramatically. My 20 year old step son was planning on joining the navy, But now that he has to help his mother, since im not around, he has to delay his plans for the future. My 3 year old son goes to J. C Headstart School, I was the main parent to drop him off and pick him up. His teacher says that he has not been the same the last couple months, even as far as to ask my wife if everything is okay at home. My son has been throwing tantrums in class thinking in his mind that it would bring his dad to him.

1

On February 6, 2025 I was assaulted by another detainee with a razor blade he was high on the drug called K2 hallucinating he slice me on my face and cut me couple time on my "four arm". The state police was called I press charges against the inmate B.F.D.F supposed be a drug weapon free facility. This should never had happened to me on the day were 20 or more officer's search the unit looking for contraband I also made the report with the Immigration inspection general in Washington, D.C.

Since the incident I been on easy looking over my shoulder every minute "traumatized". I'm not a danger to the community or a flight risk. I live in Broom County N. Y the past twenty five year with my wife and six kids.

Please help reunite with my family. This time been extremely hard be in detainee. On February 26, 2025 my father had past away It's been a live in hell in here. I'm unable to help my family or to see my father grave I would like to put some flowers on his grave. I got to know my father when I became an adult I had a very ruff child hood life with out a mother or father when I was younger there to mold me.

I am also the owner and entrepreneur of a small Storefront (NY FASHON LLC) that I obtained in march of 2024, to better my families life I invested a lot of time and money into the cleaning up project and to remodeling the inside of the store. To get it ready to start selling clothes. Having the store gives me the flexibility to pick up my kids from school as well as attend our many Doctors appointments. My family and I do a lot of activities all year around. In Summer of 2024 we went to six flags Darienlake, Lake George, Family cook outs, Indoor Water parks. My 8 year old son plays baseball for J. C Youth Police team in the summer baseball legue. Which I also Volunteer for. We also attend the United Methodist church on Sundays. I may not be a perfect individual but I love my wife and kids.. I simply want to be there and support them in every way possible. My wife is in desperate need of my help, please allow me to reunite with my family, my kids need there dad in there life. A father figure.

Thank you for taking the time out of your day to read this letter, have a blessed day.

Kelvin BarTholomeu

Kelvin BarTholomeu

04/25/2025

2

Kashawna Bartholomew

64 thorp st

Binghamton NY, 13905

08/19/2020


I am the wife of Kelvin Bartholomew, my name is Kashawna. I met Kelvin around 17 years ago
through a mutual friend. About a year later in 2004 we started dating and have been with each
other ever since, 16 years and five months now. When we started dating I had three children
from a previous relationship, at the time they were newborn five and seven years old Kelvin took
right to them and had no issues with any needs or wants they had. He has since been a big part
of their lives. We then had two children of our own Keston who is 12 now being born December
6, 2007 and Keldon who is 3 being born December 2, 2016. Our children love and adore their
father. He is an amazing father to all of our kids. From kissing boo-boos to school and sports
he's an active part of all of them even when Kelvin was unable to be with them physically he
was always there a part of everything through phone calls, emails, pictures and visits.


For many years I have been disabled I have chronic leg issues and mental illnesses. I have had
several surgeries and have some still pending that need to get done. Kelvin has struggled right
alongside of me during these hard times holding me up in spirits and at times I was in a
wheelchair he would assist me in getting around safely. If it was not for him it would have been
close to impossible for me to care for myself and my children alone for my family is not close
enough to be with me every day all day.

Throughout the years, Kelvin and I always promised each other we would be husband and wife one day for there was a previous marriage holding us back. Finally after many years I was honored to finally become this man's wife! It was one of the greatest moments in my life. After all the trials, tribulations and success we finally said I do to each other. To make the day even better our two oldest children stood up for us for the witnesses. Life was good and we were on our way to the rest of it as Mrs. and Mr. Bartholomew.

Little short of a year of our first anniversary my younger sister became very ill after fighting breast cancer for six years and had passed. At this time I was very lost, depressed and felt as though my life could not go on without her. Thankfully ven though it is a daily struggle still I have Kelvin to reassure me I will get through this one day at a time. My sister was one of our biggest supporters. She loved the love we have for each other and shared with everyone around us.

My husband and the father to my children has only ever known the USA to be his home. He has been here since he was two years old. I've had the pleasure of meeting his family down in New York some from Florida and other parts of the USA. We stay in touch as much as possible with the distance. Removing him to a place he don't know where he has no ties, no family, no friends, no knowledge of anything over there would be devastating not only for him yet for all of us here. It would break our children, they need their father to lead them down a path of greatness and successful ways. We need him for so many different reasons to remain here with us.

3

Yes Kelvin has made some unjustifiable choices and suffered the consequences. There's no need to punish him or all of us any longer. Please take into consideration who Kelvin is to all of us and so many friends and relatives. He is greatly needed not just wanted by all of us here. Please at the mercy of God allow Kelvin to remain here with us thank you for your time.

Sincerely;

*Kashawna Bartholomew*

Kashawna Bartholomew

kashawnaanderson@aol.com

6077685333

GINA M. TAKACS
Notary Public-State of New York
No. 01TA6378081
Qualified in Broome County
Commission Expires 07/16/2022

## Certificate of Service

Petitioner's hereby certify that on this _7/30/25_ the original print and true copy of
this forgoing Motion of Writ of Habeas Corpus has been place in an envelope, postage
paid and handed to Mail Room Clerk at the Adelanto ICE Processing Center 10250
Rancho Road. Adelanto CA 92301 for forwarding to United States District of California.

X. E.mail To: Office of the Clerk,
   United States District Court
   350 West 1st street, Suit 4311
   Los Angeles, CA 90012-4565

Respectfully Submitted,

_Kelvin Bartholomew_

A# 037591510
Adelanto ICE Processing Center
10250 Rancho Road
Adelanto CA 92301

A# 037591510

Kelvin Bartholman  Dorm 4 D - 201 - 4 L

10250 Rancho Road - West

Adelanto CA 92301







Now



United STATes District CourT

350 West 1ST Street, SuiT 4311

Los Angeles, CA 90012-4565